UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                                         CRIMINAL ACTION NO. 3:12-CR-00020-CRS

CORY A. MORRIS                                                DEFENDANT

<u>Memorandum Opinion</u>

I.     <u>Introduction</u>

This matter is before the Court on the motion of Defendant Cory A. Morris to place a "stop" on the proceedings instituted by the United States Department of Justice ("the United States"), ECF No. 36.[1] The United States responded, ECF No. 37. Morris did not reply. For the reasons explained below, the Court will deny Morris's motion to place a "stop" on the proceedings.

II.    <u>Background</u>

In November 2012, Morris pleaded guilty to one count of bank fraud. Order 11/6/12 1, ECF No. 15. Under the judgment that was entered four days later, Morris was ordered to pay $49,886.38 in restitution to PNC Bank. Order 2/6/13 1, ECF No. 23.

In June 2015, the Court entered an Agreed Final Order of Garnishment ("Agreed Order"). Order 6/10/15 1, ECF No. 34. The Agreed Order specified that the parties had agreed that Oxmoor Toyota, Inc. would garnish $250.00 per month from Morris's wages. *Id*. at 2. The Agreed Order then stated that the "deductions are to continue until the unpaid balance is fully paid and satisfied or until an order modifying the garnishment is entered by the Court." *Id*.

---

[1] Morris wrote a letter to the Court, which the Court has construed as a motion to place a "stop" on proceedings from the United States.

On December 29, 2016, the United States sent Morris a request for production of documents and a series of interrogatories regarding his financial status. Ex. 1. at 1, ECF No. 36-1. The United States asserted that Morris had thirty days in which to answer the discovery requests. *Id*. But Morris did not answer the discovery requests within thirty days.

III.     Discussion

Morris has now moved to place a "stop" on the discovery proceedings instituted by the United States. Mot. Stop Proceedings 1, ECF No. 36. In support of his motion, Morris argues that the United States is "attempt[ing] to overturn [the Court's] judgment and increase the amount of restitution paid monthly. This would cause an extreme hardship on me as I am also paying a $500.00 monthly restitution to the State of Kentucky. *Id*. He then claims, "Any increase in my restitution would not only put in jeopardy my ability to provide for my family." *Id*. at 2.

The United States asserts in opposition that it was authorized to issue its discovery requests to Morris under Federal Rules of Civil Procedure 33, 34, and 69(a), and 28 U.S.C. § 3015(a). Resp. Opp. Mot. Stop Proceedings 2, ECF No. 37. Additionally, the United States maintains that Morris mischaracterizes the Agreed Order and its discovery requests: according to the United States, the Agreed Order can be modified and the discovery requests were issued to "assess the financial condition" of Morris and to "ensure that the present payment arrangement is appropriate considering [Morris's] financial circumstances." *Id*. at 3.

Under § 3015(a), "the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." Rule 33 permits a party to serve interrogatories, Rule 34 permits a party to serve a request for documents, and Rule 69(a) allows a party to obtain discovery in aid of a judgment or execution.

In this case, the United States properly issued discovery requests seeking information about Morris's finances under § 3015(a) and the relevant procedural rules. Regarding Morris's argument that the United States is attempting to overturn a judgment, the Agreed Order is not final: it can be altered. The Agreed Order states that $250.00 will be garnished from Morris's wages unless the judgment is paid in full or the Court modifies the garnishment amount. *See* Order 6/10/15 2, ECF No. 34. Concerning Morris's claim that the discovery requests are intended to prevent him from being able to provide for his family, it appears that the discovery requests were instead intended to reassess his financial situation to ensure that the current garnishment amount is appropriate. Morris has not provided any evidence showing otherwise. Therefore, the Court will deny Morris's motion to place a "stop" on the proceedings instituted by the United States.

IV.     Conclusion

The Court will deny Morris's motion to place a "stop" on the proceedings from the United States. An order will be entered in accordance with this memorandum opinion.

March 24, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**